J-A23039-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MALCOLM S. MORRIS, D.M.D.<br>2031 Perry Highway<br>Wexford, PA 15090, | : | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID C. MARTIN, JR., ESQUIRE, AND<br>PATTI LERDA, ESQUIRE, Individually<br>and t/d/b/a MARTIN & LERDA,<br>ATTORNEYS AT LAW, | : | |
| | : | |
| Appellees | : | No. 1868 WDA 2013 |

Appeal from the Order entered on November 4, 2013
in the Court of Common Pleas of Allegheny County,
Civil Division, No. GD-13-011433

BEFORE: DONOHUE, ALLEN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED OCTOBER 31, 2014**

Malcolm S. Morris, D.M.D. ("Morris") appeals from the Order sustaining the preliminary objections filed by David C. Martin, Jr., Esquire, Patti Lerda, Esquire, individually ("Lerda") and t/d/b/a Martin & Lerda, Attorneys at Law (collectively, "the Appellees"), and dismissing Morris's Second Amended Complaint with prejudice. We reverse and remand for further proceedings.

The Appellees hired Morris as an expert witness in a dental malpractice case. After the case settled, Morris filed a Complaint against the Appellees for failure to pay his expert witness fees, amounting to $345,100.00. The Appellees filed Preliminary Objections, arguing that the Complaint did not contain any allegation of agreed-upon contractual terms or a clear

accounting of the expert witness fees sought by Morris. On August 21, 2013, the trial court granted the Appellees' Preliminary Objections and ordered Morris to "amend his pleading and attach the required documentation …" within twenty days of the entry of the Order.

On September 6, 2013, Morris filed an Amended Complaint, arguing that the Appellees had breached an oral contract to pay Morris's expert witness fees. Morris attached to the Amended Complaint emails between Morris and Lerda regarding the fees in question. Morris also attached a check from the Appellees for $10,000.00, which they purported was payment in full for Morris's services. Morris filed a Second Amended Complaint on September 13, 2013, to correct a typographical error.[1]

The Appellees filed Preliminary Objections, arguing that Morris failed to specify the agreed-upon contractual terms, and Morris failed to support his claim for $345,100.00 in expert fees. The trial court granted the Appellees' Preliminary Objections and dismissed the Second Amended Complaint with prejudice. The trial court specifically found that Morris failed to sufficiently plead the existence of a contract based upon course of conduct; Morris did not attach any bills; and Morris's claim for $345,100.00 in expert fees was

---

[1] In the Second Amended Complaint, Morris adopted the averments made in the Amended Complaint. In addressing Morris's claims on appeal, we will cite to the Amended Complaint, which sets forth, in detail, Morris's relevant averments.

unreasonable on its face, as there was no itemization of work done. Morris filed a Motion for Reconsideration,[2] which the trial court denied.

Morris filed a timely Notice of Appeal. The trial court ordered Morris to file a Pennsylvania Rule of Appellate Procedure 1925(b) concise statement. Morris filed a timely Concise Statement, and the trial court issued an Opinion.

On appeal, Morris raises the following questions for our review:

1. [Whether t]he trial court erred in dismissing [Morris's] Second Amended Complaint with prejudice and without leave to amend, as the Second Amended Complaint complied with Pa.R.C.P. 2128[?]

2. [Whether t]he trial court erred in dismissing [Morris's] breach of oral contract claim with prejudice, as the Second Amended Complaint sufficiently states a claim for damages arising out of [the Appellees'] breach of a binding oral contract[?]

3. [Whether t]he trial court erred in dismissing [Morris's] claim for breach of a contract implied in law with prejudice, as the Second Amended Complaint sufficiently states a claim for damages arising from [the Appellees'] breach of a binding contract implied from the conduct of the parties in light of the surrounding circumstances, including the parties' course of dealing[?]

4. [Whether t]he trial court erred in dismissing all claims stated in [Morris's Second] Amended Complaint with prejudice, to the extent [that] such dismissal was based on the trial court's insistence upon greater specificity in pleading[?] Claims and damages are properly pleaded generally, and no greater specificity is required by the [Pennsylvania] Rules of Civil Procedure.

---

[2] Morris attached a detailed description of his work on the underlying malpractice claim to the Motion for Reconsideration. *See* Motion for Reconsideration, 11/15/13, at 1-2 (unnumbered), Exhibit A.

J-A23039-14

Brief for Appellant at 3-4 (emphasis omitted).

> Our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.
>
> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Joyce v. Erie Ins. Exch.*, 74 A.3d 157, 162 (Pa. Super. 2013) (citation omitted).

We will address Morris's claims together, as he has only set forth a single claim in his Argument section. Morris contends that the trial court's dismissal of his Second Amended Complaint with prejudice denied him the right to collect his expert witness fees on a breach of contract claim. Brief for Appellant at 7. Morris asserts that preliminary objections are inappropriate to challenge the damages sought in a complaint. *Id*. Morris argues that a trial judge or a jury should have determined the amount of fees owed to him. *Id*.

> A breach of contract action involves (1) the existence of a contract, (2) a breach of a duty imposed by the contract, and (3) damages. While every element must be pled specifically, it is

- 4 -

axiomatic that a contract may be manifest orally, in writing, or as an inference from the acts and conduct of the parties.

***Sullivan v. Chartwell Inv. Partners, LP***, 873 A.2d 710, 716 (Pa. Super. 2005) (citations and quotation marks omitted); ***Pennsy Supply, Inc. v. Am. Ash Recycling Corp. of Pennsylvania***, 895 A.2d 595, 600 (Pa. Super. 2006) (stating that "[w]hile not every term of a contract must be stated in complete detail, every element must be specifically pleaded. Clarity is particularly important where an oral contract is alleged.") (citation omitted).

Instantly, Morris averred that he entered into an oral agreement with the Appellees to be a key expert witness in a lawsuit involving dental malpractice. Amended Complaint, 9/6/13, at 2. Morris stated that the Appellees had previously retained him as an expert witness, each pursuant to oral agreements, wherein the Appellees would pay him after the case concluded. ***Id***. Morris stated that his usual billing rate is $350.00 per hour and that the Appellees were aware of this rate based upon their prior dealings with Morris. ***Id***. Morris stated that he worked on the underlying dental malpractice case for a total of 986 hours over a five-year period. ***Id***. Morris sought payment of expert fees totaling $345,100.00. ***Id***. at 3. Morris averred that the Appellees refused to pay him the $345,100.00, and instead gave him a $10,000.00 check as payment for his expert fees. ***Id***.; ***see also id***., Exhibit 3 (wherein the Appellees sent Morris a letter stating

that they were enclosing a $10,000.00 check as payment in full for his services).

In light of the facts alleged in Morris's Second Amended Complaint, which are assumed to be true, and the inferences reasonably deducible therefrom, we conclude that Morris's Second Amended Complaint was adequate to survive the Appellees' preliminary objections. Indeed, Morris pled the existence of an oral contract, the Appellees' failure to pay under the contract, and damages. *See Sullivan*, 873 A.2d at 716-17 (concluding that preliminary objections in the nature of a demurrer were improperly granted on a breach of contract claim where appellant averred the existence of a contract, the appellee's breach of the contract, and damages); *see also id*. at 716 (stating that while the "[a]ppellant will carry the burden of proving the oral agreement's existence at trial, for purposes of this appeal we are constrained to accept [a]ppellant's averments as true."); *Gaston v. Diocese of Allentown*, 712 A.2d 757, 758 (Pa. Super. 1998) (stating "[i]f the facts pleaded state a claim for which relief may be granted under any theory of law, then there is sufficient doubt to require rejection of the demurrer.") (citation omitted). Accordingly, we reverse the trial court's Order dismissing the Second Amended Complaint with prejudice and remand

the case for further proceedings.[3]

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/31/2014</u>

---

[3] This Court, like the trial court, is skeptical of the amount claimed by Morris for expert witness fees. However, because of the relevant standard of review, we are constrained to reverse the Order sustaining Preliminary Objections.